CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 22, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONARDO PAXTON, ) | |
|    Plaintiff, ) | Civil Action Nos. 7:24-cv-00391 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HYATT BROWNING SHIRKEY, ) |    Chief United States District Judge |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonardo Paxton, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Paxton has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Paxton's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Paxton alleges that the defendant, Hyatt Browning Shirkey,[1] who presumably was Paxton's

---

[1] *See* https://www.hbsesqfirm.com/attorney/shirkey-hyatt-browning/.

attorney at some point, violated his constitutional right to effective assistance of counsel. (Compl. 2.) "Abandoning me because I wrote the state bar, Mr. Shirkey then had to allow Virginia State Bar know everything he then took reprisals against me." (*Id.*) Plaintiff seeks $100,000 in damages. To the extent that defendant is a private attorney, he is not a state actor or acting under color of law for purposes of § 1983. *See Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Davis v. Reveley*, 439 F. App'x 235, 235 (4th Cir. 2011). A civil action for negligence or legal malpractice could be cognizable under Virginia law; however, it is clear that plaintiff and defendant are both Virginia residents, thus precluding any finding of diversity jurisdiction. 28 U.S.C. § 1332. Finally, to the extent that plaintiff seeks damages or a reversal of a criminal conviction based on the alleged ineffective assistance of defense counsel, this action would appear to be barred by *Heck v. Humphrey*, in which the Supreme Court held that a plaintiff cannot receive damages or equitable relief through a § 1983 action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486–87 (1994).

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Paxton's claims are dismissed without prejudice. It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court. The Clerk shall transmit a copy of this order to Paxton.

Entered: August 22, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge